IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| ROBERT L. ROSE,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>STATE OF MONTANA, et. al.,<br><br>　　　　　Defendants. | Cause No. CV 09-00043-H-DWM-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Plaintiff Robert Rose, a state prisoner proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges Defendants denied him access to the courts when they destroyed his legal documents pursuant to a new prison property policy.  The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

**I. STATEMENT OF THE CASE**

　**A.  Parties**

Plaintiff is a pro se prisoner incarcerated at the Montana State Prison in Deer Lodge, Montana.

The named Defendants are Myron Beeson, Ken Cosby, Michelle Steyh, Paul

Lucier, Mark Lockrie, Officer Foster, Anita Larner, and Colleen Ambrose.

### B. Allegations

In September or October of 2004, Plaintiff's stand-by counsel from his criminal case, per court direction and with the approval of Security Major Tom Woods, provided Plaintiff with five boxes of legal documents from his criminal proceeding. These documents included Plaintiff's diary, daily logs, and work product related to his appeal and post-conviction claims necessary for Plaintiff to properly state his claims during collateral review of his criminal case.

 A new property policy went into effect at the Montana State Prison in February 2007 which diminished the amount of property inmates were allowed to have in their cells. Despite this new policy, Plaintiff was verbally told he could retain his legal documents as long as they were related to active cases.

On November 14, 2007, prison officers conducted a shake-down of Plaintiff's cell and confiscated Plaintiff's legal and personal property. On December 5, 2007, Plaintiff was served with a disciplinary infraction report/notice of hearing regarding his failure to comply with the property policy. On November 29, 2007, Plaintiff filed an informal resolution regarding his property. On December 10, 2007, he appeared before hearings officer Cosby to defend himself

on the infraction report. Plaintiff was found guilty and sanctioned.

Plaintiff filed a "pre-emptive" grievance in an effort to save his legal property. In that grievance, he notified Defendants of the injury he would suffer concerning his active and contemplated litigation if his property was destroyed. Plaintiff proceeded through the grievance process regarding this grievance and ultimately appealed its denial to Mike Ferriter. All appeals were denied.

Ultimately, Plaintiff's legal property in excess of the nine cubic square feet limit was destroyed as contraband. Plaintiff contends as a result he has not been able to litigate four of his cases and thus has been denied access to the courts.

## II. PRESCREENING

### A. Standard

As Plaintiff is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and][o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal-(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.").

Sections 1915A(b) and 1915(e)(2)(B) allow for the dismissal of a complaint before it is served upon the defendants if it is "frivolous" or "fails to state a claim upon which relief may be granted."  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted).  This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544.  A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197,

2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted). The "plausibility standard" is guided by "[t]wo working principles." *Iqbal,* 129 S.Ct. at 1949. First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet" "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 129 S.Ct. at 1949. "Second, only a complaint that states a plausible claim for relief survives" and "[d]etermining whether a complaint states a plausible claim for relief will, . . . , be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 129 S.Ct. at 1950. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal,* 129 S.Ct. at

1949 (internal quotation marks and citation omitted).

The court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal,* 129 S.Ct. at 1950. Legal conclusions must be supported by factual allegations. *Iqbal,* 129 S.Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal,* 129 S.Ct. at 1950.

Even after *Twombly*, "[a] document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson*, 127 S.Ct. at 2200; *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated, it does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). The court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez,* 203 F.3d. at 1127 (quoting *Doe v. United States,* 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to

Findings and Recommendations of United States Magistrate Judge to Dismiss Complaint – CV-09-00043-H-DWM-RKS / Page 6

pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980)).

### D. Analysis

Pursuant to the Fourteenth Amendment due process clause, inmates have a "fundamental constitutional right of access to the courts." Bounds v. Smith, 430 U.S. 817, 828 (1977). That access must be "adequate, effective, and meaningful." Id. at 822. To show a violation of this right to access to the courts, an inmate must demonstrate "actual injury," in that there was a "specific instance" in which he was denied access. Sands v. Lewis, 886 F .2d 1166, 1171 (9th Cir. 1989); *see also* Lewis v. Casey, 518 U.S. 343, 349 (1996). "The injury requirement is not satisfied by just any type of frustrated legal claim;" the Court has stated that prisoners have a right to access to the courts only in relation to direct appeals from the convictions for which they were incarcerated, habeas petitions, or civil rights actions challenging the conditions of their confinement. Casey, 518 U.S. at 354-55. This right of access to the courts "guarantees no particular methodology but rather the conferral of a capability-the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Id. at

356.  Moreover, the right of access to courts is only a right to bring complaints to federal court and not a right to the discovery of such claims or to litigate them effectively once filed with a court.  See Lewis, 518 U.S. at 354-55.

The Court will examine each of the four cases Plaintiff wanted to litigate separately.

### 1. Petition for Writ of Certiorari

Plaintiff first contends his criminal appeal was deemed final on March 12, 2009 and he is now unable to adequately or properly state his claims in a writ of certiorari in the United States Supreme Court.  The decision of the Montana Supreme Court on Plaintiff's direct appeal was decided January 13, 2009.  Rehearing was denied March 11, 2009.  State v. Rose, 348 Mont. 291, 202 P.3d 749 (Mont. 2009).  Plaintiff did file a petition for writ of certiorari in the United States Supreme Court.  The Supreme Court docket indicates Plaintiff filed an application to extend to the time to file a petition for a writ of certiorari from June 9, 2009 to August on May 28, 2009.  That application was granted June 9, 2009.  Plaintiff filed his petition for writ of certiorari and motion for leave to proceed in forma pauperis on July 25, 2009.  The petition was denied on October 5, 2009.  Rose v. Montana, ___ S.Ct. ___, 2009 WL 2362437 (2009).

The Court also notes the time for filing Plaintiff's application for writ of certiorari was nearly a year and a half after the destruction of Plaintiff's legal documents. Plaintiff was represented by counsel in his criminal appeal and could have obtained all the information necessary to file his petition from his counsel. As Plaintiff did file a petition with the United States Supreme Court he clearly had the capability of bringing the contemplated challenge to his conviction. As such he has no claim for denial of access to the courts on this ground.

2. Legal Malpractice Claim

Plaintiff also alleges he is unable to prosecute his legal malpractice claim against his former attorney. As set forth above, Plaintiff has a right to access to the courts only in relation to direct appeals from his conviction for which he is incarcerated, habeas petitions, or civil rights actions challenging the conditions of his confinement. *Casey*, 518 U.S. at 354-55. He has no right of access to the courts regarding his malpractice claim.

3. Tort Claims Regarding Consultation with Attorneys

Third, Plaintiff states he filed a tort claim with the Tort Defense Division in August or September 2007 regarding M.S.P./D.O.C. officials denial of private consultations between plaintiff and his appellate attorneys. Plaintiff alleges if not

for Defendants destruction of his property, he would have been able to advance these tort claims to the District Court for Montana before his two-year statute of limitations ran.

Plaintiff alleges he wanted to bring a tort claim against the Department of Corrections for denial of consultations between himself and his appellate attorneys. As Plaintiff has been convicted and his conviction affirmed on appeal he could not bring an action which would imply the invalidity of his conviction. If Plaintiff could succeed in his claim that the Department of Corrections denied him access to appellate counsel, it would imply the invalidity of the decision upholding his conviction on appeal. As such, all such claims would be barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). In that case, the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Id.* As Plaintiff's conviction has not been overturned, he would not be able to challenge his access to his appellate attorneys.

Moreover, Plaintiff should have been able to at least draft a complaint regarding these issues. Plaintiff has litigated several complicated matters in this Court. (See Civil Action Nos. 03-CV-00146-M-LBE and 04-CV-00052-M-DWM). It simply is not plausible that he could not draft a complaint regarding this issue after he had already presented this claim to the tort division.

### 4. Delay of Medical Care Claim

Lastly, Plaintiff contends if not for the destruction of his property he would have been able to bring his contemplated constitutional and state law claims against prison and Department of Corrections officials regarding the denial and/or delayed medical care surrounding his delayed hip surgery, inadequate pain relief, and lack of adequate aftercare. Plaintiff alleges he had prepared a suit in an attempt to perfect his claims but he is no longer able to adequately state his claims because the property destroyed was legal material necessary for prosecuting said claim.

In a prior proceeding in this Court, Plaintiff indicated his hip surgery took place January 4, 2006. (See Rose v. Langton, Civil Action No. 03-CV-00146-M-LBE, Document 146, p. 2: Plaintiff's Motion to Vacate Trial Date). Therefore, Plaintiff's claims regarding his hip surgery accrued in January 2006 and Plaintiff

had until January 2009 to file a medical care complaint.  Even if Plaintiff's documents were all destroyed on November 17, 2007, Plaintiff still had at least a year to redraft a complaint.

As with his other tort claims, it is not plausible that Plaintiff would have been unable to redraft a complaint in the nearly year and a half after his documents were destroyed.  Again, Plaintiff does not have a right to litigate effectively, only a right to bring complaints.  This is something he should have been able to do despite the destruction of certain documents.

## III. CONCLUSION

### A.  Leave to Amend

For the reasons set forth above, Plaintiff's Complaint fails to state a claim upon which relief may be granted.  Given the detailed facts in Plaintiff's Complaint, the defects set forth above could not be cured by the allegation of other facts.  As such, Plaintiff's Complaint should be dismissed.

### B.  "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to

state a claim. 28 U.S.C. § 1915(g). The Court should designate this case as a "strike" under this provision because Plaintiff fails to state a claim upon which relief may be granted.

### C. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States,* 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue,* 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge,* 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke,* 490 U.S. at 325, 327; *Franklin v. Murphy,* 745 F.2d 1221,

1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631 (9th Cir. 2000).

Plaintiff's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

### D. Address Changes

At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. Plaintiff's Complaint should be **DISMISSED WITH PREJUDICE** for

failure to state a claim upon which relief may be granted.

    2.  The Clerk of Court should be directed to close this matter and enter judgment pursuant to [Rule 58 of the Federal Rules of Civil Procedure](#).

    3.  The Clerk of Court should be directed to have the docket reflect that the dismissal counts as a strike pursuant to [28 U.S.C. § 1915(g)](#) because Plaintiff failed to state a claim upon which relief may be granted.

    4.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to [Fed.R.App.P. 24(a)(3)(A)](#) that any appeal of this decision would not be taken in good faith.  The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

    Pursuant to [28 U.S.C. § 636(b)(1)](#), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

    A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made.  The district judge

may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 10th day of November, 2009.

        /s/ Keith Strong
        Keith Strong
        United States Magistrate Judge