

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| ROBERT L. ROSE, | ) | CV 09-43-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| STATE OF MONTANA, et al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Robert L. Rose brought this action pursuant to 42 U.S.C. § 1983 alleging Defendants denied him access to the courts by destroying his legal documents pursuant to a new prison property policy. Pursuant to 28 U.S.C. § 636(b), the matter was referred to Magistrate Judge Strong, who issued Findings and Recommendations on November 10, 2009, recommending that Rose's complaint be dismissed with prejudice. Rose timely objected to the Findings and

1

Recommendations on December 7, 2009,[1] and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). Despite Rose's objections, I agree with Judge Strong's analysis and conclusions. Because the parties are familiar with the factual and procedural background, it will not be restated here.

I

Rose's Complaint alleges that Defendants confiscated his legal documents and personal property on November 14, 2007. After Rose failed to save the documents through grievance, they were destroyed. Rose claims Defendants' destruction of these documents has denied him his due process "right of access to the courts." Bounds v. Smith, 430 U.S. 817, 828 (1977). He claims he planned to litigate four separate cases, and the destruction of the documents has deprived him of his right to do so.

Judge Strong concluded that Rose's complaint should be dismissed for failure to state a claim. This conclusion was based on an analysis of Rose's four proposed cases he allegedly intended to file but for the destruction of his documents. First, Rose alleges he is unable to file a petition of writ of certiorari in

---

[1] Objections were due by November 30, 2009, but Plaintiff moved for and was granted an extension until December 8, 2009 to file his objections.

2

the United States Supreme Court, but Judge Strong noted this claim is frivolous because Rose did file such a petition, and that it was denied on October 5, 2009.

Next, Judge Strong analyzed Rose's proposed legal malpractice claim, but noted any inability to litigate such a matter is beyond the scope of his "right to access courts." See Lewis v. Casey, 518 U.S. 343, 354-55 (1996) ("Impairment of [cases other than habeas, § 1983 or a direct appeal of conviction] is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.").

Third, Judge Strong analyzed Rose's proposed state tort claim for alleged failure to access his appellate attorneys. Judge Strong found such a claim would be foreclosed by the doctrine set forth in Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal.").

Finally, Judge strong determined Rose's proposed medical care claim was not impeded by the destruction of his property because he had the time and ability to file such a complaint but failed to do so.

## II

3

### a.

Rose objects to the factual findings made by Judge Strong. He argues Judge Strong mischaracterizes the facts alleged in the complaint in such manner as to deliberately render his claims not "plausible." I do not agree that this occurred, but even if I did, this would not impact Judge Strong's conclusions that Rose's proposed cases are not under the scope of the "right to access courts," and that this right was not infringed upon by the destruction of the documents.

### b.

Next, Rose objects to how Judge Strong framed Rose's proposed lawsuits. First, in regards to the state tort action, Rose objects that Judge Strong wrongfully assumed this was a collateral attack on his underlying conviction contrary to Heck v. Humphrey. Rose argues that his tort action is derived from "[s]tate law [that] entitles plaintiff [to] money damages for a prison officials [sic] denial of 'private' consultations." Rose contends this state action is not barred by Heck. I do not agree, but I do not have to reach that issue because Rose's proposed claim is not an appeal of his conviction, a habeas petition, or a § 1983 civil rights action, and therefore Rose has no right of access to the courts regarding his state tort action. See Casey, 518 U.S. at 354-55.

Second, in regards to Rose's proposed inability to petition for writ of

certiorari, he objects to Judge Strong's finding that because Rose was represented by counsel on appeal that his counsel had all the documents he would need to file the petition. I need not address this objection because Judge Strong also noted that Rose had in fact filed his petition with the United States Supreme Court, and it was rejected. Rose does not object that his writ was denied because he lacked access to documents. As such, Judge Strong rightly concluded that Rose's due process "right of access to courts" claim in regards to his ability to file a petition should be dismissed.

In regards to his medical care claim, Rose objects to Judge Strong's conclusion that Rose suffered no impediment to access the courts because he had both the time and capability to file a complaint but did not. Rose contends that without his documents of "times, dates, and places" that he could not state an adequate claim for relief. I do not agree. Through Rose's numerous actions in this Court, he has proven himself to be an experienced and savvy pro se litigant. With this knowledge of Rose, I agree with Judge Strong's conclusion that Rose could have brought a delay of medical care claim without his documents. Rose did not need exact times, dates or places to file his complaint. Such information would have been discoverable after bringing and serving the complaint. Furthermore, it is uncertain how prior legal documents would impede his ability to bring a

5

medical care claim in the first place. As such, I agree with Judge Strong's conclusion that Rose has not been denied his right of access to courts in regards to his medical care claim.

**c.**

Rose also objects to Judge Strong's legal analysis of the right of access to courts. Rose argues the Judge failed to recognize that Rose was not claiming a denial of adequate legal assistance, Bounds, 430 U.S. at 82, but rather an "actual injury" to court access, which occurs when an inmate is "actually denied access to courts." Sands v. Lewis, 886 F2d 1166, 1170 (9th Cir. 1989). While Judge Strong did not highlight this distinction, he did not need to considering his conclusions. Judge Strong concluded that Rose's attempts to access court either did not fall within the scope of the right or were not affected by Defendants' actions. Accordingly, Judge Strong concluded that Rose has not been denied access to the courts. I agree.

**d.**

Lastly, Rose objects that Judge Strong failed to address his claim for injunctive relief. Because Judge Strong concluded, and I agree, that his complaint should be dismissed for failure to state a claim, Judge Strong was not in error by failing to specifically address Rose's claim for injunctive relief.

## III

In accordance with the foregoing,

IT IS HEREBY ORDERED that the Findings and Recommendations (dkt #7) are adopted in full;

IT IS FURTHER ORDERED that Plaintiff's Complaint brought pursuant to 42 U.S.C. § 1983 is DISMISSED WITH PREJUDICE, and the Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure;

In addition, IT IS ORDERED that the Clerk of Court shall have the docket reflect that the dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Plaintiff failed to state a claim upon which relief may be granted.

Finally, IT IS ORDERED that the docket shall reflect that the Court certifies pursuant to Fed.R.App.P. 24 (a)(3)(A) that any appeal of this decision would not be taken in good faith.

Dated this ___17___ day of December, 2009.

Donald W. Molloy, District Judge
United States District Court